# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv393
## [Criminal Case No. 1:07cr54]

| | |
|---|---|
| JOSE ANTONIO MOROZUMI, JR., ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent.) | |

**THIS MATTER** is before the Court on the following filings submitted by the Petitioner:

1. Motion for Intervention of Right [Doc. No. 4];

2. Writ of Habeas Corpus Pursuant to Article I, Section 9, Clause II and Article II Northwest Ordinance Challenging the Constitutionality of Statutes, Lack of Subject Matter and Territorial Jurisdiction, and Demanding Trial by Jury of Petitioner's Peers [Doc. 5];

3. Memorandum of Law/or Exhibit 1 [Doc. 6];

4. Memorandum of Law [Doc. 7];

5. Memorandum of Law [Doc. 8]; and

6. Appendix [Doc. 9].

These pleadings amount to almost two hundred fifty pages of filings.

**PROCEDURAL HISTORY**

On February 8, 2008, the Petitioner was sentenced to 235 months imprisonment in connection with his conviction for possession with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Criminal Case No. 1:07cr54, at Doc. 26]. The Petitioner's conviction and sentence were affirmed on appeal. United States v. Morozumi, 316 F. Appx 285 (4th Cir. 2009).

On December 8, 2009, the Petitioner's motion pursuant to 28 U.S.C. §2255 was dismissed and the Court declined to issue a certificate of appealability. [Doc. No. 2].

**DISCUSSION**

In the Motion for Intervention of Right, the Petitioner states that he seeks to intervene on behalf of the United States in order to challenge certain statutes and contest the jurisdiction of the Court. Since this case was terminated in 2009, there is no action pending into which the Petitioner may intervene. His motion must be denied.

Although not clear, if the Petitioner actually seeks to raise a new collateral challenge to his conviction and sentence, he must first obtain permission from the United States Fourth Circuit Court of Appeals to bring a

second or successive habeas petition.

In the Writ of Habeas Corpus, the Petitioner vehemently states that this is not a successive §2255 motion or a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. [Doc. 5]. He states that the writ is based on the constitution and because the sentencing court had no jurisdiction, he must be immediately released from custody. [Id.]. The Petitioner warns that if the Court refuses to immediately release him, there will be no judicial immunity. [Id.]. The Petitioner then makes a series of arguments concerning jurisdiction, such as, the government has not shown that it owns land or a connection with commerce, Titles 18 and 21 of the United States Code were never enacted by Congress, and there are only two Article III courts in the United States (and this Court is not one of them). [Id.].

Because the Petitioner has asked that his filing not be considered a §2255 motion or a petition pursuant to §2241, the Court will not so construe it. To the extent that the Petitioner is challenging his present physical custody within the United States, he must do so in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Since the Petitioner is incarcerated in Kentucky, this Court does not have jurisdiction to entertain this matter. United States v. Hinton, 347 Fed.Appx. 885 (4th Cir. 2009).

3

The Court does find, however, that the filings are frivolous. The Petitioner has submitted almost two hundred fifty pages of materials which contain nonsensical arguments purporting to be about constitutional law, the "Northwest Ordinance," and the court system. Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. Demos v. Keating, 33 Fed.Appx. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001), *certiorari denied* 535 U.S. 956, 122 S.Ct. 1362, 152 L.Ed.2d 357 (2002); In re Vincent, 105 F.3d 943 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted). "It is well-established law in this circuit that a district court may establish a system of 'pre-filing review of complaints brought by prisoners with a history of litigiousness.'" In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citation omitted).

The Defendant is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods North America, Inc., 390 F.3d 812 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance,

will be summarily dismissed as frivolous. Foley v. Fix, 106 F.3d 556 (4th Cir. 1997); In re Joseph Marion Head, 19 F.3d 1429 (4th Cir. 1994), *certiorari denied* 513 U.S. 999, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. See, 28 U.S.C. §1651(a); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Intervention of Right [Doc. No. 4] and Writ of Habeas Corpus Pursuant to Article I, Section 9, Clause II and Article II Northwest Ordinance Challenging the Constitutionality of Statutes, Lack of Subject Matter and Territorial Jurisdiction, and Demanding Trial by Jury of Petitioner's Peers [Doc. 5] are hereby **DENIED**.

Signed: August 6, 2010

Martin Reidinger
United States District Judge

5