# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv393
[Criminal Case No. 1:07cr54]

| | |
|---|---|
| JOSE ANTONIO MOROZUMI, JR., ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent.) | |

**THIS MATTER** is before the Court on the Petitioner's Motion for Reconsideration [Doc. 14].

On December 8, 2009, the Petitioner's motion pursuant to 28 U.S.C. §2255 was denied and the Court declined to issue a certificate of appealability. [Doc. 2]. More than seven months later, the Petitioner made numerous frivolous filings, including a "Writ of Habeas Corpus," all of which were denied by Order entered on August 9, 2010. [Doc. 10]. In that Order, the Court noted the frivolous nature of the filings. [Id.].

On August 16, 2010, the Petitioner moved for reconsideration of the August 9, 2010 Order, specifically referencing the request for habeas corpus in his motion and arguing that his filings were not frivolous. [Doc. 11]. That

motion was denied on August 19, 2010 by text order. The docket shows that copies of both orders (August 9 and August 19) were mailed to the Petitioner at the address contained within his filings.

On October 18, 2010, the Petitioner made a filing with the Court wherein he asked that the Court to take judicial notice that he had not been served with a copy of the August 9, 2010 order. [Doc. 12]. In that document, the Petitioner stated:

> The Docket Sheet [which was sent to the Petitioner by the Clerk of Court] indicates that the Court allegedly entered an ORDER dated August 9, 2010 denying the Habeas Corpus and indicating that the Petitioner would be served by mail. This DID NOT OCCUR as the Petitioner just received the response from the Clerk on October 12, 2010.

[Doc. 12, at 1-2].

On November 12, 2010, the Court denied that motion, noting that in the Petitioner's August 16 motion to reconsider [Doc. 11], he specifically referred to the August 9, 2010 order denying his "habeas" motion, [Doc. 13], thus manifesting that he had, in fact, been served with that Order. The Court also noted that the Petitioner explained in his August 16 Motion why he considered his "habeas" motion not to have been frivolous. [Id.]. Had Petitioner not received a copy of the August 9 Order, he would have been unable to respond to the specific contents thereof. [Id.].

2

The Petitioner has now filed yet another motion for reconsideration, this time claiming that he did not mean to refer to the August 9, 2010 Order which denied his "habeas" motion. Instead, he meant to refer to the August 19, 2010 Order by which the Court denied his first motion to reconsider.

Apparently the Petitioner seeks for the Court to reconsider his earlier Motion to Reconsider [Doc. 11] based on his request that the Court take judicial notice that the Court's August 19 Order was not served on him until October 12. There is, however, nothing in the record of this case to refute the Court's entry regarding the mailing of the August 19 Order.

Even though Petitioner's Motion for Reconsideration [Doc. 14] is being denied for a lack of basis for relief, the Court notes that the first Motion for Reconsideration [Doc. 11] which Petitioner seeks for this Court to reconsider, is based on a fundamental misunderstanding of the Constitutional basis for jurisdiction in this Court. While Petitioner may be firm in his mistaken belief, his motion is, nonetheless, legally frivolous.

In short, as previously noted, the docket shows that copies of both the August 9, 2010 and August 19, 2010 Orders were sent to the Petitioner at his correct address on those dates. Petitioner has presented nothing to show this is incorrect. He is therefore not entitled to any relief. Fed.R.App.P. 4(a)(6).

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for

Reconsideration [Doc. 14] is hereby **DENIED**.

Signed: December 14, 2010

Martin Reidinger
United States District Judge