# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:09cv393

## [Criminal Case No. 1:07cr54]

| | | |
|---|---|---|
| JOSE ANTONIO MOROZUMI, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| Vs. | ) | ORDER |
| | ) | |
| UNITED STATED OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion for Chief Judge to Take Judicial Notice and to Initiate Internal Investigation of Clerk of the Court's Office [Doc. 16].

On December 8, 2009, the Petitioner's motion pursuant to 28 U.S.C. §2255 was denied and the Court declined to issue a certificate of appealability. [Doc. 2]. More than seven months later, the Petitioner made numerous frivolous filings, including a Writ of Habeas Corpus, all of which were denied by Order entered on August 9, 2010. [Doc. 10]. In that Order, the Court noted the frivolous nature of the filings. [Id.].

On August 16, 2010, the Petitioner moved for reconsideration of the August 9, 2010 Order, specifically referencing the request for habeas corpus

in his motion and arguing that his filings were not frivolous. [Doc. 11]. That motion was denied on August 19, 2010 by text order. The docket shows that copies of both orders (August 9 and August 19) were mailed to the Petitioner at the address contained within his filings.

On October 18, 2010, the Petitioner made a filing with the Court in which he asked the Court to take judicial notice that he had not been served with a copy of the August 9, 2010 order. [Doc. 12]. In that document, the Petitioner stated:

> The Docket Sheet [which was sent to the Petitioner by the Clerk of Court] indicates that the Court allegedly entered an ORDER dated August 9, 2010 denying the Habeas Corpus and indicating that the Petitioner would be served by mail. This DID NOT OCCUR as the Petitioner just received the response from the Clerk on October 12, 2010.

[Doc. 12, at 1-2].

On November 12, 2010, the Court denied that motion, noting that in the Petitioner's August 16 motion to reconsider (Doc. 11), he specifically referred to the August 9, 2010 order denying his "habeas" motion, (Doc. 13), thus manifesting that he had, in fact, been served with that Order. The Court also noted that the Petitioner explained in his August 16 motion why he considered his habeas motion not to have been frivolous. [Id.]. Had the Petitioner not received a copy of the August 9 Order, he would have been unable to make those responses. [Id.].

On November 24, 2010, the Petitioner moved for reconsideration of the November 12, 2010 Order, claiming that he had not meant to refer to the August 9, 2010 Order which denied his habeas motion. Instead, he meant to refer to the August 19, 2010 Order by which the Court denied his first motion to reconsider. The Petitioner asked the Court to reconsider his earlier Motion to Reconsider (Doc. 11) based on his request that the Court take judicial notice that the Court's August 19 Order was not served on him until October 12. This motion was denied by Order dated December 14, 2010. The Court explained that even though the Petitioner's motion was denied for lack of a basis for relief, the Petitioner's first Motion for Reconsideration, which he had asked the Court to reconsider, was based on a fundamental misunderstanding of the Constitutional basis for jurisdiction in this Court. [Doc. 15].

In the pending motion, the Petitioner asks that the Chief Judge for the Western District of North Carolina initiate an investigation and take judicial notice of the purported failure of the Clerk to forward a copy of a text Order to him. The Court construes the Petitioner's current motion as yet another motion for reconsideration, as Petitioner has cited no authority authorizing the Chief Judge to initiate an investigation. So construed, the motion for reconsideration is denied for the reasons outlined in this Court's previous Orders denying reconsideration. [Doc. 13; Doc. 15].

3

The gist of Petitioner's motion is that it must be obvious that he did not receive the August 19, 2010 Order, because if he had he would have acted upon it sooner. Petitioner, however, presents this Court with absolutely nothing upon which to base a finding that the Order was not sent. This Court must be able to rely upon the record of the conduct of the Clerk of this Court, absent some showing that such records are wrong. Petitioner has failed even to attempt to make such a showing. Therefore, this motion must be denied. As stated previously, however, even if Petitioner had acted in a timely manner, his motion is without merit. The tardiness of his filing makes no difference in the result.

**IT IS, THEREFORE, ORDERED**, that the Petitioner's Motion for Chief Judge to Take Judicial Notice and to Initiate Internal Investigation of Clerk of the Court's Office [Doc. 16] is hereby **DENIED**.

Signed: February 14, 2011

Martin Reidinger
United States District Judge