# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv393
## [Criminal Case No. 1:07cr54]

| | |
|---|---|
| JOSE ANTONIO MOROZUMI, JR., ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence and Conviction pursuant to Rule 60(b) and 28 U.S.C. §1651 [Doc. 18].

## PROCEDURAL HISTORY

On February 8, 2008, the Petitioner was sentenced to 235 months' imprisonment in connection with his conviction for possession with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §841(a)(1). [Criminal Case No. 1:07cr54, Doc. 26]. On February 17, 2009, the Petitioner's conviction and sentence were affirmed on direct appeal. United States v. Morozumi, 316 F. App'x. 285 (4th Cir. 2009). The Petitioner did not file a petition for a writ of *certiorari*.

Instead, on October 22, 2009, the Petitioner timely filed a motion pursuant to 28 U.S.C. §2255 to correct, vacate or set aside his conviction and sentence. [Doc. 1]. In support of that motion, the Petitioner claimed that he was convicted of an incorrect amount of methamphetamine not precisely charged in the indictment, and thus, his conviction violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). [<u>Id.</u>]. That motion was denied on December 8, 2009. [Doc. 2]. In that ruling, this Court also declined to issue a certificate of appealability. [<u>Id.</u>].

More than seven months later, the Petitioner filed a Motion for Intervention of Right and a Writ of Habeas Corpus in which he challenged this Court's jurisdiction. [Doc. 4; Doc. 5]. These motions were denied by Order entered on August 9, 2010. [Doc. 10]. In that Order, this Court noted the frivolous nature of the filings and warned that future frivolous filings could result in the imposition of a pre-filing review system. [<u>Id.</u>].

On August 16, 2010, the Petitioner moved for reconsideration of the August 9, 2010 Order, specifically referencing the request for habeas corpus in his motion and arguing that his filings were not frivolous. [Doc. 11]. That motion was denied on August 19, 2010 by text order and the docket entry shows that a copy thereof was mailed to the Petitioner.

Undeterred, the Petitioner next moved for this Court to take judicial notice that he had not been served with a copy of the August 9, 2010 Order and thus, could not appeal therefrom. [Doc. 12]. As a result, he asked that the time within which he might appeal that order be reopened. [Id.]. The Court declined to do so and denied that motion on November 12, 2010. [Doc. 13]. On November 24, 2010, the Petitioner moved for reconsideration of the November 12, 2010 Order, a motion which was also denied. [Doc. 14; Doc. 15].

On February 14, 2011, the Petitioner asked that the Chief Judge of the Western District of North Carolina conduct an investigation and take judicial notice of the purported failure of the Clerk of Court to forward a copy of the August 19, 2010 Order to him. [Doc. 16]. On February 14, 2011, this Court construed that filing as another motion for reconsideration and denied it for the same reasons as previously stated in earlier orders denying reconsideration. [Doc. 17].

Over five months later, the Petitioner filed the pending forty-three page motion which he has styled as a motion to vacate his conviction and sentence

3

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and for relief pursuant to 28 U.S.C. § 1651.[1] [Doc. 18].

## DISCUSSION

To the extent that the Petitioner seeks relief pursuant to Rule 60(b), he has not articulated which provision of that Rule entitles him to relief. He argues, in essence, that this Court did not have subject matter jurisdiction to convict him of the crimes charged and thus, he may obtain relief pursuant to "the Great Writ." This claim, however, does not fall within the parameters of Rule 60(b). See Fed. R. Civ. P. 60(b).

The real issue is whether the Petitioner seeks to file a second or successive motion pursuant to §2255 or a genuine Rule 60(b) motion for relief from judgment, frequently referred to in the post-conviction setting as a motion for reconsideration. United States v. Winestock, 340 F.3d 200, 203 n.1 (4th Cir. 2003), cert. denied, 540 U.S. 995, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003).

> As amended by the AEDPA, §2255 bars successive applications unless they contain claims relying on

---

[1] Federal Rule of Civil Procedure 60(b) provides that a court may grant relief from a final judgment based on six different grounds, none of which have been implicated here. On the other hand, 28 U.S.C. §1651 provides federal courts with inherent authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions[.]"

4

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> ...
> In addition to enacting the substantive standards ... just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
>
> ...
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

Winestock, 340 F.3d at 204-05; United States v. Plumlee, No. 11-6700, 2011 WL 5843666, at *1 (4th Cir. Nov. 22, 2011).

The Petitioner does not claim that he is entitled to relief based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review. His argument, in fact, is that this Court never had jurisdiction over the criminal proceedings in any form or fashion and thus, his conviction and sentence are invalid. United States v. Arce, No. 11-6845, 2011

5

WL 5588734, at *1 (4th Cir. Nov. 17, 2011) (the Rule 60(b) motion directly attacked the sentence and thus was successive). The issue then is whether this motion for relief is a successive collateral review application. <u>Winestock</u>, 340 F.3d at 203.

> [D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to "evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application."
>
> ...
>
> [This] holding raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

<u>Winestock</u>, 340 F.3d at 206-07 (internal quotations and citations omitted); <u>United States v. Atkins</u>, No. CR. 89-0037 (TFH), 2006 WL 1071466, at *1

6

(D.D.C. Apr. 21, 2006) ("Generally, a motion brought pursuant to Rule 60(b) challenges the integrity of the collateral review process of the sentence, rather than the sentence itself.").

The Petitioner's "new legal arguments [concerning subject matter jurisdiction] will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Winestock, 340 F.3d at 207. "Petitioner may not circumvent the limitations on successive collateral review by attaching a different label to his pleading." Hall v. United States, No. CCB-07-1655, 2007 WL 2285088, at *1 (D. Md. Aug. 6, 2007); see also Odman v. United States, No. 11-6155, 2011 WL 5023995, at *1 (4th Cir. Oct. 21, 2011). Such is the case here since "a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications." Winestock, 340 F.3d at 207. Without prior certification from the Fourth Circuit, this Court has no jurisdiction to entertain it. United States v. Griffin, No. 10-6767, 2010 WL 3938311, at *1 (4th Cir. Oct. 7, 2010); Santiago v. United States, 64 F. App'x. 281, 286 (2d Cir. 2003) ("Santiago's Apprendi/Castillo claim was first raised in the District Court as part of his Rule 60(b) motion for reconsideration.... [A] Rule 60(b) motion

7

that raises entirely new grounds for a collateral attack is indeed a successive habeas petition that requires leave to file from the Court of Appeals."), cert. denied, 540 U.S. 992, 124 S.Ct. 489, 157 L.Ed.2d 390 (2003); United States v. Ray, 4 F. App'x 197, 197 (4th Cir. 2001).

Although styled as a Rule 60(b) motion, the motion which the Petitioner seeks leave to file is actually a successive petition. It therefore must be presented in the first instance to the Fourth Circuit. Winestock, 340 F.3d at 205 ("As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the ... court of appeals.").

The Petitioner's motion was also filed pursuant to 28 U.S.C. §1651. Section 1651 "is a residual source of authority [by which a district court may] issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. U.S. Marshals Service, 474 U.S. 34, 43, 106 S. Ct. 355, 88 L. Ed.2d 189 (1985). Collateral attack pursuant to §1651 is not available to a federal prisoner where post-conviction relief may be cognizable pursuant to 28 U.S.C. § 2255. United States v. Miller, 599 F.3d 484, 488 (5th Cir. 2010). The Petitioner's challenge to the Court's jurisdiction may be brought in a motion to vacate pursuant to 28 U.S.C. §2255. The Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA) requires that before the Petitioner may file a second or successive collateral attack upon his federal conviction or sentence, however, he must first obtain authorization from the appropriate court of appeals. 28 U.S.C.A. § 2244(b)(3). The Petitioner has not done so and he may not avoid AEDPA's requirement for filing a second or successive § 2255 motion by filing a petition for a writ of habeas corpus pursuant to §1651. United States v. Rodriguez, No. 11-3065, 2011 WL 4582594, at *1 (3$^d$ Cir. Oct. 5, 2011). "[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs." Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007), opinion amended on other grounds, 530 F.3d 1183 (9th Cir. 2008); United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] writ of *audita querela* is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255.") (internal quotation and citation omitted). As a result, the Petitioner's relief, if any may be available to him, may come only by seeking leave from the United States Court of Appeals for the Fourth Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255. United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent

valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filed by common law writs.") (citations omitted).

Notwithstanding the title assigned to this motion, it is a collateral attack on the validity of the Petitioner's conviction and sentence and thus, is a successive §2255 motion. Because the Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file such a motion, this motion must be dismissed.

The substance of Petitioner's multitude of filings in that he wanted to appeal from this Court's Order of August 9, 2010 [Doc. 10], that he wishes he had done that rather than move for reconsideration [Doc. 11], and that he wants a do-over. In this, however, Petitioner ignores the fact that no certificate of appealability was issued with regard to the August 9, 2010 Order [Doc. 10]. He would have to have sought permission to appeal from the Court of Appeals. As set out above, the avenue of seeking leave from the Court of Appeals remains open to Petitioner,[2] except that for nearly sixteen months now he has persisted in making repeated filings in the *wrong court*.

---

[2] Of course, at this point the Petitioner is in the position of seeking leave to file a successive §2255 Petition, while previously he would have been seeking leave to appeal without a certificate of appealability. His arguments, however, appear to be the same.

The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right by this ruling. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts; United States v. Morgan, No. 1:01cr52-11, 2011 WL 5075648, at *2 (W.D.N.C. Oct. 25, 2011).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate Sentence and Conviction pursuant to Rule 60(b) and 28 U.S.C. §1651 [Doc. 18] is hereby **DISMISSED**.

Signed: December 13, 2011

Martin Reidinger
United States District Judge